# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JOE LOUIS KELLEY**  **PLAINTIFF**
**ADC #084474**

V.  NO. 2:22-cv-0034-DPM-ERE

**BRANDON DAVIS,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.   Discussion:**

   A.   Background

Plaintiff Joe Louis Kelley, an inmate at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Kelley alleges that ADC officials violated the Religious Land

Use of Institutionalized Person Act ("RLUIPA") and the First Amendment by denying him access to religious books. He sues Deputy Warden Brandon Davis, Chaplain Toni Shockey, and Recreation Supervisor Keitrich Wade.

Pending before the Court is Defendants' motion for summary judgment, statement of facts, and brief in support arguing that Mr. Kelley failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 25, 26, 27*. Mr. Kelley has responded to the motion and has filed a brief in support of his response as well as a statement of facts. *Docs. 29, 30, 31*.

For the reasons stated below, the Court recommends that Defendants' motion for summary judgment (*Doc. 25*) be GRANTED.

B.   Exhaustion

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an

inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Kelley to satisfy the ADC's requirements for raising and administratively exhausting his RLUIPA and First Amendment claims against Defendants before bringing this action.[1]

C.   Grievances DR-22-96 and DR-22-97

To support their motion, Defendants submit the declaration of Terri Grigsby-Brown, the ADC Inmate Grievance Supervisor. *Doc. 25-1*. Ms. Grigsby-Brown states that Mr. Kelley filed two grievances related to the pending claims in this case: (1) DR-22-96; and (2) DR-22-97. *Id. at 6*.

1.   Grievance DR-22-96

On February 2, 2022, Mr. Kelley submitted the unit level grievance form for grievance DR-22-96. *Doc. 25-3 at 1*. In that grievance, Mr. Kelley complains that, on November 23, 2021,[2] the Islamic books he had ordered were delivered to his

---

[1] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or her misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

[2] In his complaint, Mr. Kelley explains that, on November 23, 2021, the Islamic Place, a bookstore in Philadelphia, Pennsylvania, shipped him the materials at issue. *Doc. 2 at 1*.

3

ADC Unit. He states that, although he asked Defendant Wade when he would receive the materials at issue, Defendant Wade did not respond to his request. Mr. Kelley complains that ADC officials violated ADC policy[3] and RLUIPA by waiting over 70 days to either: (1) provide him with these religious materials; or (2) notify him whether they had approved or rejected the publications.

According to the ADC inmate grievance policy, inmates are required to submit a unit level grievance form within 15 days of the underlying incident.[4] *Doc. 25-2 at 5*. Defendants argue that ADC officials rejected grievance DR-22-96 as untimely. *Doc. 25-3 at 1*.

In his complaint, his appeal of grievance DR-22-96, and his brief in response to Defendants' motion for summary judgment, Mr. Kelley explains that he did not know that the materials at issue had been received at the Delta Regional Unit until

---

[3] The ADC publication policy, AD 20-04, requires the Warden to notify an inmate whether publications have been approved or rejected within 30 days. *Doc. 25-4 at 20*.

[4] In his response to Defendants' motion, Mr. Kelley explains that the ADC grievance procedure that Ms. Grigsby-Brown relies on has been superseded and the current ADC grievance procedure, AD 19-34, has been in effect since December 2, 2019. *Doc. 29 at 3*. Mr. Kelley is correct. *Doc. 29 at 11*. However, the Court takes judicial notice that both the current and older versions of the ADC inmate grievance policy require an inmate to file a unit level grievance form within 15 days of the underlying incident. See Gaines v. Collins, Case No. 4:22cv361 BRW-ERE (E.D. Ark. Aug. 11, 2022), *Doc. 15-1 at 6*.

January 18 or 19, 2022.[5] *Doc. 2 at 2; Doc. 25-3 at 4; Doc. 30 at 3*. Therefore, he argues the Court should treat the grievances as timely filed.

Even assuming grievance DR-22-96 was timely filed, Mr. Kelley does not allege in this grievance that the ADC policy restricting the amount of religious material that he may possess violated either the First Amendment or RLUIPA. Rather, he complains that: (1) Defendant Wade did not respond to his request for information regarding the location of the publication at issue; and (2) unidentified ADC officials' failure to timely notify him that his religious material had been rejected violated ADC policy and RLUIPA.[6] It is undisputed that Mr. Kelley did not reference or mention either Defendant Davis or Shockey in grievance DR-22-96. In addition, although he mentions Defendant Wade, he does not complain that Defendant Wade violated either ADC policy or RLUIPA by withholding the publications at issue or failing to provide him notice as to whether those materials

---

[5] In his complaint, Mr. Kelley states that he received notice that these publications had been received on January 18, 2022. In his appeal and his brief, he states that he received notice that these publications had been received on January 19, 2022.

[6] When prisoner mail is rejected by a detention facility, prisoners have a procedural due process right "to be notified of the rejection and have a reasonable opportunity to protest the decision" *Bonner v. Outlaw,* 552 F.3d 673, 676 (8th Cir. 2009). Here, it is undisputed that Mr. Kelley eventually received notice that ADC officials had rejected the materials at issue. However, Mr. Kelley complains that ADC officials did not *timely* provide him notice of that rejection in violation of ADC policy. The law is settled that a prison official's failure to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

had been approved or rejected. He only states that, on one occasion, he asked Defendant Wade "if and when I would receive my books."[7] *Doc. 25-3 at 1*. As a result, even if Mr. Kelley timely filed and fully exhausted the claims raised in grievance DR-22-97, he did not fully exhaust the First Amendment and RLUIPA claims raised against the named Defendants in this lawsuit.

2.  DR-22-97

On February 2, 2022, the same date that he filed DR-22-96, Mr. Kelley filed his unit level grievance form for grievance DR-22-97. *Doc. 25-4 at 1*. In that grievance, Mr. Kelley explained that, on January 19, 2022, Defendant Shockey notified Mr. Kelley that he would not be able to receive the five Islamic Books that he had previously ordered because the package contained two copies of the Noble Qur'an. *Id*. Mr. Kelley complained that: (1) the ADC publication policy did not allow ADC officials to reject a publication on that basis; and (2) Defendant Shockey's conduct violated his First Amendment rights and RLUIPA.

On March 4, 2022, Warden Hurst issued his decision regarding DR-22-97 and found Mr. Kelley's grievance to be without merit. *Id. at 5*. The following day, Mr.

---

[7] In his complaint, Mr. Kelley states that, on November 29, 2021, he asked Defendant Wade, the interim mail room clerk, if any books had arrived for him. According to Mr. Kelley, Defendant Wade responded that he was "just filling in in the mail room and didn't have time to fool with no books." *Doc. 2 at 1*.

Kelley appealed Warden Hurst's decision to the Chief Deputy Director. *Id. at 2*. On March 24, 2022, the Chief Deputy Director denied Mr. Kelley's appeal. *Id. at 1*.

Although it is undisputed that Mr. Kelley fully exhausted grievance DR-22-97, he did not complete the grievance process until *after* he filed this lawsuit on March 3, 2022. As previously noted, the PLRA requires an inmate to exhaust all available administrative remedies *before* filing suit.[8] Because exhaustion was not completed at the time this lawsuit is filed, Mr. Kelley's First Amendment and RLUIPA claims raised in grievance DR-22-97 must be dismissed. *Johnson v. Jones*, *supra*. The dismissal is without prejudice to Mr. Kelley's right to timely refile this claim.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 25*) be GRANTED.

2. Mr. Kelley's claims against Defendants Davis, Shockey, and Wade be DISMISSED, without prejudice, for failure to exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

---

[8] In his response to Defendants' motion, Mr. Kelley explains that he commenced this action by filing a motion for preliminary injunction and restraining order, then later filed his amended complaint after fully exhausting his administrative remedies. *Doc. 29 at 4*. Regardless of the manner in which Mr. Kelley titled his initial filing, the PLRA requires that an inmate must fully exhaust their administrative remedies before bringing a lawsuit.

Dated this 18th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE